IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN REEVES by his parents and next Best friends, JOHN and DIANA REEVES Court appointed Guardians of a Disabled Person,<br>          Plaintiffs,<br><br>v.<br><br>JEWEL FOOD COMPANIES, and its Parent, Supervalue Inc.<br>          Defendant. | No. |

**COMPLAINT**

NOW COMES Plaintiff SEAN REEVES by his parents and next best friends, JOHN and DIANA REEVES, Court appointed Guardians of a Disabled Person, by and through his attorneys, GOLD & COULSON, and states as follows.

## I.    JURISDICTION

1. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12,201.

2. Plaintiff brings this action pursuant to ADA § 107(a), 42 U.S.C. § 12,117(a).

3. ADA §107(a), 42 U.S.C. § 12,117(a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, which grants jurisdiction to this Court.

4. All preconditions to jurisdiction under section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

1

a. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged employment discrimination on the basis of disability against her.

   b. The EEOC issued a "right to sue" letter to Plaintiff on May 31, 2012, a copy of which is attached as Exhibit A.

   c. Plaintiff files this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of and citizen of the State of Illinois and his parents were appointed his legal guardian on September 1, 1995, pursuant to attached Exhibit B.

6. Plaintiff is mentally retarded. Mental retardation substantially limits Plaintiff in the major life activity of learning.

7. Plaintiff is an individual with a "disability" within the meaning of ADA § 3(2), 42 U.S.C. § 12,102(2). Plaintiff suffers from Downs Syndrome.

8. Plaintiff can perform the essential functions of a bagger at Jewel without any reasonable accommodations and had been employed there for approximately eight years prior to his termination.

9. Plaintiff is a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12,111(8).

10. Defendant, Jewel, is a corporation with a store and principal place of business in connection with the relevant facts and time of this case at 966 Route 59, Antioch, Illinois 60002.

11. Defendant is a "person" within the meaning of ADA § 101(7), 42 U.S.C. § 12,111(7), and Title VII § 701(a), 42 U.S.C. §2000e(a).

12. Defendant is engaged in an "industry affecting commerce" within the meaning of ADA § 1j01(7), 42 U.S.C. § 12,111(7), and Title VII § 701(g) – (h), 42 U.S.C. §2000e (g) – (h).

13. Defendant employed more than 25 employees for each working day in more than 20 weeks during the preceding year.

14. Defendant is an "employer" within the meaning of ADA § 101(5)(A), 42 U.S.C. § 12,111(5)(A).

15. Defendant is a "covered entity" within the meaning of ADA § 101(2), 42 U.S.C. § 12,111(2).

### III.　　FACTS

16. Plaintiff applied for the position of a bagger at Jewel. Sean attended and graduated from Mundelein High School special education classes. He received additional training at Lamb's Farm and North Point, where he learned to clean and bag groceries. Sean has worked in the past bagging items (Walgreens), cleaning horse stalls (Lamb's Farm), and at various jobs with Jewel Food Stores.

17. The essential job functions of a bagger at Jewel is bagging groceries.

18. Defendant's manager, John Dunging hired Plaintiff in 1997, said, after many years he wished he had more of Plaintiff, he wanted eight more years.

19. On or about April 11, 2005, a new assistant manager terminated Plaintiff because he swore in a whisper and under his breath when a cashier was nasty to him.

20. Defendant acted with malice or with reckless indifference toward Plaintiff's federally protected rights and discriminated against him, as a qualified individual with a disability when it terminated him because of his reaction to this cashier which resulted from his disability.

21. As a result of Jewel's discrimination on the basis of disability, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses.

### IV.     PRAYER FOR RELIEF.

22. Plaintiff demands judgment against Jewel for a sum in excess of $75,000.

23. Salary and benefits, and accrued interest thereon, from August 11, 2005 until entry of judgment against Jewel.

24. Compensatory damages for Plaintiff's mental anguish, pain and suffering, and other nonpecuniary losses.

25. Punitive damages in an amount to be determined at trial.

26. Plaintiff's attorneys' fees and costs of this action.

27. Any other and further relief as may be just and equitable.

          Respectfully submitted,

             s/Arthur S. Gold
          By one of Plaintiff's attorneys
          Arthur S. Gold
          Gold & Coulson
          11 S. LaSalle Street, Suite 2402
          Chicago, IL 60603
          (312) 372-0777