**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SEAN REEVES by his parents and next best friends, John and Diana Reeves** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 12 C 6919** |
| **JEWEL FOOD COMPANIES,** | ) ) | |
| **Defendant.** | ) ) | |

<u>**MEMORANDUM OPINION**</u>

SAMUEL DER-YEGHIAYAN, District Judge

      This matter is before the court on Defendant Jewel Food Companies' (Jewel) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

**BACKGROUND**

      In 1997, Jewel allegedly hired Plaintiff Sean Reeves (Reeves) to bag groceries. This action was brought by Reeves' parents on Reeves' behalf. Plaintiffs claim that in April 2005, a new Assistant Manager at Jewel terminated Reeves because he swore in a whisper and under his breath when a cashier was nasty to him. Plaintiffs allege that Reeves is "mentally retarded" and that Jewel discriminated against him because of his disability. (Compl. Par. 6). Plaintiffs include in the

1

complaint a claim alleging discrimination based on Reeves' disability brought under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* Plaintiffs do not seek reinstatement of Reeves at Jewel and seek compensatory and punitive damages for lost salary, benefits, and alleged mental anguish, pain and suffering.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  ADA Discrimination Claim

Jewel argues that Plaintiffs have not pointed to sufficient evidence to support an ADA discrimination claim.  In response to the instant motion, Plaintiffs abandon the ADA discrimination claim altogether, failing to rebut any of Jewel's arguments. It is undisputed by Plaintiffs that on April 11, 2005, Vickie Russell (Russell), a cashier under the age of 21, called for assistance to ring up an alcohol purchase for a customer.  (R SF Par. 46).  It is undisputed that Reeves offered to help Russell but that Reeves had not undergone the required training under Illinois law to assist with the sale of alcohol.  (R SF Par 47).  It is further undisputed that when Russell told Reeves that he could not help her ring up the alcohol purchase, Reeves told Russell in front of customers and other employees: "f___ you, stupid blonde."  (R SF Par. 47).

Plaintiffs have not shown that they can defeat Jewel's motion under the direct method of proof.  Nor have Plaintiffs shown that they can establish a *prima facie* case under the indirect method of proof or establish that the reason given for Jewel's action was a pretext.  *See, e.g., Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004); *Teruggi v. CIT Group/Capital Finance, Inc.*, 709 F.3d 654, 659-60 (7th Cir. 2013)(explaining direct method of proof).  Therefore, Jewel's motion for summary judgment on the ADA discrimination claim is granted.

II.  Non-Existent ADA Failure to Accommodate Claim

   Jewel in its memorandum in support of its motion noted that it anticipated that Plaintiffs were going to present arguments relating to an ADA failure to accommodate claim and, thus Jewel presented arguments relating to that claim in its memorandum.  (Mem. SJ 10).  However, as Jewel also correctly points out, no ADA failure to accommodate claim was ever pled by Plaintiffs in this case.  Jewel also correctly argues that the absence of such a claim in the complaint forecloses Plaintiffs from pursuing such a claim at this juncture.  (Mem. SJ 10).

   Plaintiffs, in the response to the instant motion, abandon the ADA discrimination claim in its entirety, and devote the entire response to the instant motion to addressing a newly constructed ADA failure to accommodate claim.  However, no such claim was pled in Plaintiffs' complaint.  Plaintiffs allege in the complaint that Reeves was unjustly terminated by a new assistant manager and that he suffered discrimination based on his disability.  The complaint is devoid of any of the facts that Plaintiffs now seek to present to the court regarding how Jewel allegedly failed to reasonably accommodate Reeves' disability.  The Seventh Circuit has stated that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA."  *Green v. National Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999); *see also Redd v. Nolan*, 663 F.3d 287, 299 (7th Cir. 2011)(noting that although the plaintiff presented arguments regarding fraud, the plaintiff "did not plead a fraud claim"); *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 758 n.15 (7th Cir. 2006)(holding that the Court did not

4

need to address a claim that was not included "in her complaint" because although

the plaintiff "did raise such an argument in her response to defendants' motion for

summary judgment, . . . the defendants correctly argued that the claim could be

disregarded because [the plaintiff] did not plead such a claim, nor did she amend her

complaint to include it").  Plaintiffs failed to plead an ADA failure to accommodate

claim in their complaint and never sought to amend the complaint to include such a

claim.  The pleading requirements are in place to prevent the type of shifting

positions such as this where plaintiffs try to salvage their case by changing their

claims in the midst of a case.  Thus, although the court notes that Jewel has

requested, in an abundance of caution, for an entry of summary judgment in its favor

on any ADA failure to accommodate claim, no such claim exists in this case.


III.  Alleged Failure to Accommodate

        The court notes that even if Plaintiffs had pled an ADA failure to

accommodate claim, Plaintiffs have failed to point to sufficient evidence to support

such claim.  For an ADA failure to accommodate claim, a plaintiff must establish: (1)

that "he is a qualified individual with a disability," (2) that "the employer was aware

of his disability," and (3) that "the employer failed to reasonably accommodate the

disability."  *James v. Hyatt Regency Chicago*, 707 F.3d 775, 782 (7th Cir.

2013)(internal quotations omitted)(quoting *Kotwica v. Rose Packing Co.*, 637 F.3d

744, 747-48 (7th Cir. 2011)).

        It is undisputed that Reeves is a qualified individual with a disability and that

Jewel was aware of his disability. It is undisputed that in the approximate eight years that Jewel employed Reeves, Jewel provided various accommodations to Reeves that were not provided to other Jewel employees. For example, it is undisputed: (1) that at the beginning of Reeves' employment he was permitted to work with a job coach, (2) that a store Service Manager closely supervised Reeves and coached him one-on-one on how to perform his daily tasks, (3) that a store Service Manager would talk to Reeves when he was upset and help him to calm down, (4) that a store Service Manager would talk with Reeves about how to properly respond to customers, (5) that Reeves' supervisors completed daily evaluation sheets for Reeves, which involved ratings in five categories and supervisor comments, so that Reeves' mother could know what was happening with Reeves in the workplace on a daily basis, (6) that when Reeves began telling customers where and how to park their cars while on cart duty, Reeves was assigned duties other than cart duty, and (7) that when it was discovered that Reeves had taken a pin from a Jewel store without paying for it, Jewel merely brought it to the attention of Reeves' mother rather than terminating his employment. (R SF Par. 20, 23, 30-32, 35-40, 43). It is also undisputed that Reeves' personnel file contains various notes concerning improper interactions with customers. For example, in a note from 2003, an incident was referenced where a customer complained that Reeves started eating her grapes that he was bagging as they came down the belt, and that the next customer in line complained that Reeves called the prior customer a "b____." (R SF Par. 24). In a note from 2004, an instance is recited where Reeves was told he could only buy his lunch when he was

6

on break, and Reeves started pulling items off of shelves and throwing them down the aisle and swearing at customers in the aisle. (R SF Par. 25).

Although Plaintiffs acknowledge the above accommodations made by Jewel, Plaintiffs contend that Jewel should have done more to accommodate Reeves' disability. Plaintiffs contend that after it was discovered that Reeves had stolen merchandise from a Jewel store, Reeves' mother spoke to Pamela Wagner (Wagner) who was the Store Manager. Plaintiffs contend that Reeves' mother requested that Reeves be allowed again to work with a job coach to address Reeves' admitted behavioral issues at the workplace. Reeves' mother testified at her deposition that she suggested that Reeves be allowed to work with a job coach and that Wagner told her that she thought that "it wasn't necessary." (D Dep. 49-51). There is no evidence showing that Reeves was given an outright refusal as to the job coach request. The undisputed facts show that Reeves' mother took no other steps to demand a job coach as a reasonable accommodation. (R SF Par. 44). It is only in retrospect that Plaintiffs now claim that a job coach was a rejected accommodation and would have enabled Reeves to continue to perform his work at Jewel. Plaintiffs have also failed to point to sufficient evidence to show that a job coach would have been adequate to correct the behavioral problems with Reeves at the workplace. Although Plaintiffs attempt to present the opinion of a job coach named Jennifer Marks (Marks), Plaintiffs have not shown that Marks' opinion would be admissible as an expert opinion. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 815-16 (7th Cir. 2004)(explaining analysis for admission of expert testimony).

The court notes that Plaintiffs rely heavily upon the Seventh Circuit's ruling in *Bultemeyer v. Fort Wayne Community Schools*, 100 F.3d 1281 (7th Cir. 1996), which involved an employee with a mental disability. *Id.* at 1281-82. The Seventh Circuit stated that "it appear[ed] . . that [the defendant employer] was tired of having to accommodate [the plaintiff], and when it had the opportunity, it got rid of him." *Id.* at 1287. However, in *Bultemeyer*, the Court concluded that the plaintiff "may have thought it was futile to ask" for the accommodation, "after [an employee relations director] told him that he would not receive any more special treatment." *Id.* at 1285. In the instant action, there are ample undisputed facts showing that Jewel continued to work actively and closely with Plaintiffs to accommodate Reeves and there is no evidence to indicate that Plaintiffs were informed that Reeves would no longer receive special treatment. The mere fact that, in response to a suggestion, Wagner indicated that she did not think a job coach was necessary was not sufficient for Reeves' mother to conclude that any effort to seek an accommodation in that regard would be futile. The law places a burden upon Reeves to meet his employer halfway in the interactive process. *Id.* The undisputed facts show that Plaintiffs failed to do so on Reeves' behalf. Therefore, even if Plaintiffs had pled an ADA failure to accommodate claim, they failed to point to sufficient evidence to support such a claim.

## CONCLUSION

Based on the foregoing analysis, Jewel's motion for summary judgment is granted.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 15, 2013